IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Weldon Eugene Holtzclaw, Jr., | ) | C/A No. 6:25-cv-07651-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Scottie Bodiford, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's amended complaint alleging violations of his constitutional rights. ECF No. 7. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On September 25, 2025, the Magistrate Judge issued a Report recommending that this action be dismissed with prejudice, without issuance and service of process, and without leave to amend. ECF No. 23. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections and a supplement. ECF Nos. 25, 27. Plaintiff also previously filed objections to the Magistrate Judge's proper form orders. ECF Nos. 10, 20.

## **APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **ANALYSIS**

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference.  Because Plaintiff filed objections, the Court's review has been de novo.  The majority of Plaintiff's objections concern allegations against Magistrate Judge McDonald and the undersigned.  Nevertheless, upon de novo review, the Court agrees with the recommendation of the Magistrate Judge.

To the extent Plaintiff's amended complaint challenges his alleged unlawful incarceration or matters that occurred in the Greenville County Family Court, these claims are subject to dismissal as duplicative and pursuant to *res judicata* because Plaintiff has previously sought relief based on these same claims unsuccessfully. *See Holtzclaw v. Pittman, et al.*, C/A No. 6:25-cv-00025-DCC, 2025 WL 892977 (D.S.C. Mar. 24, 2025)

(dismissing civil action as duplicative and pursuant to 28 U.S.C. §§ 1915; 1915A where the plaintiff alleges violations of his rights by individuals involved in prior Bankruptcy and Family Court matters), *aff'd* C/A No. 25-1364, 2025 WL 2694384 (4th Cir. Sept. 18, 2025). Accordingly, these claims are summarily dismissed.

Further, Plaintiff has not made any personal allegations of wrongdoing against Defendant. To the extent Plaintiff intends to bring a claim for supervisory liability, it fails because Plaintiff fails to allege that Defendant was on notice of the claims alleged in the amended complaint or explain how Defendant is responsible for the Greenville County General Sessions Court denying Plaintiff's request for bond. *See Green v. Beck*, 539 F. App'x 78, 80 (4th Cir. 2013). Accordingly, this action is subject to summary dismissal.

In the supplement, Plaintiff purports to add additional claims and Defendants. As to the proposed Defendants, the Court finds that several are immune from suit, are not state actors, or are groups of people not amenable to suit under 42 U.S.C. § 1983. With respect to any additional claim related to an attack on December 15, 2025, Plaintiff has not made any personal allegations against any individual other than noting that two guards were witnesses. This allegation does not plausibly state a constitutional violation. As to any claim against Guard Valez, Plaintiff has not alleged a constitutional violation. Thus, to the extent this document should be construed as a motion for leave to amend, it is denied as futile.[1]

---

[1] As to any claim that Plaintiff's constitutional rights have been violated because he has been denied bond, the Court specifically adopts and incorporates the Magistrate Judge's discussion of this claim. ECF No. 23 at 5–6.

3

The Court now turns to Plaintiff's appeals [10, 20] of the Magistrate Judge's proper form orders. The Magistrate Judge's order is non-dispositive. Federal Rule of Civil Procedure 72(a) permits a party to submit objections/appeals to a magistrate judge's ruling on non-dispositive matters. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [non-dispositive] pretrial matter . . . where it has been shown that the magistrate's order is clearly erroneous or contrary to law."). The objections/appeal must be filed and served within 14 days after being served a copy of the non-dispositive order. *Id*. Further, the Court's review is governed by the clearly erroneous or contrary to law standard of review. *Id*. Only if the decision is clearly erroneous or contrary to law may the district judge modify or set aside any portion of the decision. *Id*. A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364 (1948). The Court has reviewed the Magistrate Judge's orders and Plaintiff's appeals. Upon such review, the Court finds that the Magistrate Judge's orders are neither clearly erroneous nor contrary to law. Accordingly, the appeals are denied.[2]

---

[2] To the extent any of Plaintiff's filings should be liberally construed as requesting recusal of the undersigned, that request is denied. Recusal of federal judges is generally governed by 28 U.S.C. § 455. Subsection (a) of § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In the Fourth Circuit, this standard is analyzed objectively by considering whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality. *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003). It appears that any request for recusal is solely based upon prior rulings in Plaintiff's various cases. However, judicial rulings alone, "almost never constitute a valid basis for a bias or partiality motion." *See Liteky v. U.S.*,

**CONCLUSION**

Accordingly, the Court agrees with the Report of the Magistrate Judge. Plaintiff's appeals [10, 20] are **DENIED**. This action is **DISMISSED** with prejudice, without issuance and service of process, and without leave to amend.

Plaintiff has established himself as a frequent filer in this Court. Therefore, any further filings in this case will be reviewed but will not receive a response unless one is deemed necessary by the undersigned or Magistrate Judge McDonald.

IT IS SO ORDERED.

                                                              s/ Donald C. Coggins, Jr.
                                                              United States District Judge

February 18, 2026
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

510 U.S. 540, 555 (U.S. 1994). "In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism." *Id.* Any such request, therefore, is insufficient as a matter of law to establish any basis for recusal and is denied.